IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERN AUSTIN,<br><br>      Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN JOAQUIN; EDDIE RAMIREZ; and DOES 1-5,<br><br>      Defendants. | CIV-S-03-1317 DFL-GGH<br><br>ORDER |

    Plaintiff Lavern Austin brings this suit against defendants San Joaquin County ("the county") and San Joaquin County Substance Abuse Counselor Eddie Ramirez for false arrest in violation of the Fourth Amendment. On February 17, 2005, Austin's attorney was served with a Notice of Deposition for Austin to appear on March 10, 2005. (Berry Decl. Ex. A.) Austin failed to make any response to the Notice and failed to appear at the deposition. (Id. Ex. B.)

    Austin's attorney did appear at the deposition. He stated at the deposition that he has not had any contact with his client

for over a year. (Id. at 5.) He also said that when he received the notice of deposition, he diligently attempted to locate and notify Austin by all means available to him. (Id.) Specifically, he sent letters to her last known address and placed telephone calls to all the phone numbers he had for her. (Id.) He received no response to these repeated attempts to contact her. (Id.)

Defendants now bring this motion for terminating sanctions under Fed.R.Civ.P. 37(d), for Austin's failure to appear at her deposition, and Fed.R.Civ.P. 41(b), for Austin's failure to prosecute her claim. They ask the court to dismiss Austin's claim with prejudice. Plaintiff's counsel has submitted a notice of non-opposition to defendants' motion on behalf of Austin. For the following reasons, the court GRANTS defendants' motion.

Rule 37(d) allows the court to order sanctions, including dismissal of the suit, for a party's failure to appear at her own deposition. Rule 41(b) allows the district court to dismiss a plaintiff's claim for failure to prosecute or comply with the federal rules of civil procedure. Before a district court dismisses a complaint, it must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994). Additionally, under Rule

37(d), the district court must find that a party's behavior in ignoring the depositions demonstrated willfulness, bad faith, or fault. Id.

Plaintiff's actions in this case warrant dismissal. Austin opposed her counsel's request for withdrawal earlier in this litigation, yet has made no effort to remain in contact with him. She has failed to appear at her deposition and has given no indication that she can be reached to reschedule it. She has not communicated with either her attorney or the court for at least a year. Her attorney has submitted a notice of non-opposition to this motion on her behalf, and she has given no indication that she disagrees with this filing. Her actions, in short, give all indication that she has abandoned this litigation.

Austin's abandonment of this case has, for obvious reasons, prejudiced defendants in their effort to prepare for trial. (Mot. at 3.) Although the court has not tried to impose less drastic sanctions, any attempt to do so appears futile in light of Austin's repeated and continued refusal to communicate with her attorney or the court. Moreover, Austin has been put on notice of the possibility of dismissal by defendants' motion and has chosen not to oppose it. Finally, Austin's failure to appear was due to willfulness, bad faith, or fault, as all the evidence suggests that she was fully capable of appearing and chose not to. Id. at 1167.

///

///

1   For the above reasons, the court GRANTS defendants' motion
2 for terminating sanctions under Fed.R.Civ.P. 37(d) and 41(b).
3 Austin's suit is dismissed with prejudice.  The clerk shall enter
4 judgment.
5   IT IS SO ORDERED.
6 Dated: 6/22/2005

_____
DAVID F. LEVI
United States District Judge